OLIVER SAMUEL MCNIEL v. THE STATE.

No. 18650.   Delivered December 16, 1936.
Rehearing Denied January 20, 1937.

554

The opinion states the case.

*Burns & Faulkner,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Frank Turner by striking and beating the said Frank Turner with some instrument, the exact nature, size and description of the same being to the grand jurors unknown.

The proof on the part of the State was sufficient to warrant the conclusion of the jury that appellant killed deceased by striking him with some heavy instrument. The State's proof

was to the further effect that appellant had threatened to kill deceased.

Testifying in his own behalf, appellant denied the killing. His testimony raised the issue of alibi.

Appellant brings forward a bill of exception in which it is stated that the court overruled his request to submit an instruction covering the law of aggravated assault. There is nothing in the bill of exception to show that appellant excepted in writing to the court's charge or presented a written requested instruction. Art. 658, C. C. P., provides, among other things, that the accused shall present his objections to the charge in writing, distinctly specifying each ground of objection. Art. 659, C. C. P., provides that counsel on both sides shall have a reasonable time to present written instructions and ask that they be given to the jury.

It is shown in a bill of exception prepared by the trial court in lieu of one of appellant's bills that appellant objected to the argument of the district attorney to the effect that the wife of the deceased reluctantly testified, in substance, that appellant was guilty of breaking the window lights out of the home of deceased. The remarks of counsel had support in the evidence. Hence no error appears.

In another bill of exception it is recited that a witness for appellant was required to testify on cross-examination by the district attorney that her husband was in the penitentiary. In qualifying the bill of exception the court states that appellant interposed no objection to said testimony.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion for rehearing insists that we did not consider his bystanders' bill of exceptions. We did not consider same because it was filed too late. Under Art. 760, C. C. P., the trial court may make an order limiting the time for filing bills of exceptions; such order may be made when he overrules the motion for new trial, or at any time within any period already legally granted by statute or order

for such purpose,—provided that such time or times shall not all together exceed ninety days from the date notice of appeal is given. Bills not so filed can not be considered. In this case the motion for new trial was overruled on May 1st, and on that day appellant's notice of appeal was entered. On May 21st following, the trial court entered an order granting to appellant sixty days *from that date* in which to file his bills of exceptions. Computation shows that this sixty day period expired July 20th. The bystanders' bill referred to was filed July 22nd, and being clearly filed more than sixty days after the entry of the extending order, could not be considered.

The evidence sufficiently showed that no one knew or could have known by the exercise of reasonable diligence what kind of weapon or instrument was used in striking the fatal blow. The head of deceased was crushed, and brain matter exuded from his nose. The doctor testified deceased would have died from the effects of said wound no matter what treatment might have been given him. All persons present at the time of the infliction of the wound, so far as this record discloses, were used as witnesses on the trial. All declared themselves without knowledge as to what weapon was used. This,—we think,—sufficiently sustained the averment in the indictment that deceased was killed by the use of some instrument the size, nature and description of which was to the grand jurors unknown. See Harris v. State, 37 Texas Crim. Rep., 441; Bookman v. State, 112 Texas Crim. Rep., 233, and other authorities cited in Texas Jur., Vol. 22, p. 123.

Claiborne McNiel, the only eye-witness save appellant to the alleged murder, swore that as he ran from the house occupied by deceased and the mother of witness, he was followed by appellant, and the evidence shows that appellant was in turn followed by deceased. Claiborne said he stumbled over a stump some little distance from the porch, and as he got up he heard a lick and raised up and looked back and saw appellant hit deceased again while deceased was down; he did not know what appellant struck with. No weapon was found. Appellant as a witness denied the killing and attempted to lay it on Claiborne. If no witness could be found who could tell what weapon or instrument was used,—this would sufficiently show that such weapon was unknown to the grand jury. Many authorities could be cited.

No written request was made for a charge on aggravated assault; nor do we observe any evidence calling for such charge. While the weapon used was unknown and undescribed, it was

of such character as to crush the skull of a mature man. Appellant's mother, as a witness, testified that when he ran from the house just before the fatal blow was struck, he was the maddest looking man she ever saw.

We are not able to agree with appellant in any of the matters contained in his motion, and same is accordingly overruled.

*Overruled.*